UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ANNIE MONTANA, ET AL | CIVIL ACTION |
|---|---|
| VERSUS | NO: 18-9432 |
| PROGRESSIVE GULF INS. CO., ET AL | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' **Motion to Remand** (Rec. Doc. 6) is **DENIED**.

## FACTUAL BACKGROUND

This matter arises out of a February 2, 2017 automobile collision. Plaintiffs filed suit on February 1, 2018 in the Civil District Court for the Parish of Orleans. The parties litigated the matter in state court for approximately seven months, during which time the plaintiffs were deposed. Following plaintiffs' depositions, defendants concluded that all three plaintiffs' damages would not exceed the liability insurer's, Progressive Gulf Insurance Company's, policy limits of $1,000,000.00. Accordingly, defendants reasoned that the sole non-diverse party, plaintiffs' uninsured motorist ("UIM") carrier, Progressive Security Insurance Company, had no liability exposure and thus was improperly joined. On October 11, 2018, within 30 days of the depositions, defendants removed this matter to this court.

Plaintiffs have moved to remand, arguing that the UIM carrier was not fraudulently joined, because it is possible that plaintiffs' damages may in fact exceed the underlying policy

limits of $1,000,000.00. They do not challenge the timeliness of removal or that the amount in controversy is met.

Thus, the sole issue is whether plaintiffs' claims exceed Progressive Gulf Insurance Company's $1,000,000.00 policy limits.

**Plaintiffs' Damages**

**Annie Montana**

Annie Montana complained of neck pain, shoulder, pain, headaches, back pain, and right groin pain, allegedly resulting from the February 2, 2017 accident. She treated with various medical professionals for approximately one year. In her deposition taken on September 19, 2018, she stated that as of February 8, 2018, the date of her final visit to Dr. Zavatsky, she discontinued treatment for her injuries from the accident because she was "healed," and that any injuries she had from the accident had resolved. Depo. of Annie Montana, p. 94:14-20. In her deposition, she also stated that she had no plans to seek future treatment.

The medical records provided reflect that Annie Montana incurred the following medical bills as a result of the subject accident: Metropolitan Health Group $6,579.40; Canal Radiology $545.00, Stand Up Open MRI Centers of LA $2,800.00, and Spine and Scoliosis Specialists (Zavatsky) $13,300.00, for a total of $23,224.40.

**Arnold Montana**

Arnold Montana alleged neck, back, leg and right shoulder injuries as a result of the February 2, 2017 accident. He also reported he had back and neck pain prior to the accident, that was aggravated by the accident. He, too, treated for approximately one year from the date of the

accident until February 8, 2018, when he was last seen by Dr. Zavatsky. Arnold Montana passed away from unrelated causes on August 7, 2018. In her deposition, his wife, Annie Montana, testified that while Mr. Montana's accident-related injuries were not fully resolved as of his last visit with Dr. Zavatsky, he had shifted his focus to his cancer treatments and did not seek further treatment for the injuries related to the accident after February 8, 2018. Depo. of Annie Montana, 116:17-117:15.

Arnold Montana incurred the following medical bills: Metropolitan Health Group $11,212.20, Canal Radiology $585.00, StandUp Open MRI $2,800.00, and Spine and Scoliosis Specialists (Zavatsky) $36,700.00, for a total of $51,297.20.

**Walter Johnson**

Walter Johnson, Annie Montana's son, also treated for approximately one year from the February 2, 2017 accident for alleged injuries to his neck, shoulder, arm and back. He, too, was last seen by Dr. Zavatsky, on February 8, 2018. In his deposition on September 18, 2018, Mr. Johnson specifically testified that any injuries he had sustained in the subject accident had completely resolved approximately one year after the accident when he was last seen by Dr. Zavatsky. Depo. of Walter Johnson, p. 89:6-9. He was discharged by the doctor as of that date and has had no restrictions or problems relating to his neck and back since then. Id. at 89:12-25.

During his treatment, Walter Johnson incurred the following medical bills: Metropolitan Health Group $ 3,080.50, Canal Radiology $350.00, OpenSided MRI $4,000.00, Spine and Scoliosis Specialists (Zavatsky) $51,800.00, for a total of $59,230.50.

The total of all three plaintiffs' bills is $133,752.10.

Defendant, Progressive Gulf Insurance Company, has stipulated to coverage, further stipulating that it has paid out $2,315.55 in property damage payments, and thus there is $997,684.45 remaining within the policy limits. Rec. Doc. 9-6.

**APPLICABLE LAW**

**I.     Remand Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**II.    Diversity Subject Matter Jurisdiction under § 1332(a)**

Defendants removed this action alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different States. Defendants contend that plaintiffs

4

are Louisiana citizens, and the properly joined defendant, liability carrier Progressive Gulf Insurance Company, is not. They argue that UIM carrier Progressive Security Insurance Company, a Louisiana citizen, is improperly joined because there is no possibility of recover against it.

**A. Improper Joinder**

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the allegedly improperly joined parties in state court. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). The United States Court of Appeals for the Fifth Circuit has stated:

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.
>
> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, . . . , in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In which cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Id. (citations omitted). Further, the United States Court of Appeals for the Fifth Circuit cautioned "that a summary inquiry is appropriate only to identify the presence of discrete and undisputed

5

facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573–74.

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). When reviewing an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995) (quoting B., Inc., 663 F.2d at 549).

**ANALYSIS**

Based on the plaintiffs' injuries and medical treatment, and their testimony that their symptoms have resolved, the court finds that defendants have established by summary judgment-type evidence that damages will not exceed the $997,684.45 remaining on the underlying Progressive combined single limit policy. While it is true that a general damages award must be considered in assessing the amount in controversy, subtracting out all of the plaintiffs' medicals, in the amount of $133,752.10, plaintiffs' combined general damages would have to exceed $863,932.35 to exhaust the underlying policy limits.

The nature of plaintiffs' injuries, the length of treatment, the fact that the two surviving plaintiffs require no future medical attention, and that the third plaintiff deceased in August, 2018, all support a conclusion that there is no reasonable scenario under which the plaintiffs could recover general damages in the neighborhood of $300,000.00 each. The court has reviewed Westlaw's Jury Verdicts & Settlements database for recent Louisiana cases involving similar injuries requiring no surgery. General damages awards in these cases do not approach

$300,000. See Robin v. Weeks Marine, 2018 WL 7049781 (E.D. La. 11/29/18)($52,800 for back and knee injury); Cooper v. Arcement, 2018 WL 4293013 (Civ. Dist Ct., Orleans 6/28/28)($50,000 each for husband - shoulder injury, aggravation to neck and back injuries - and wife - neck and back injury); Douglas v. Black, 2018 WL 6192444 (Civ. Dist. Ct., Orleans 5/29/18)($7250 for back and neck injury); Farbe v. Guidry, 2018 WL 3631964 (17th Jud. Dist. Ct. 5/18/18)($12,000 leg and back injury); Martin v. Wood Group, 2017 WL 5517084 (W.D. La. 9/8/17)($50,000 for hip and back injury).

Moreover, the cases cited to by plaintiffs in favor of remand, in which other district courts granted motions to remand because the plaintiff's damages could potentially exceed the underlying coverage limit, are distinguishable. Unlike the present case, all of the cases noted involve situations in which the plaintiff's injuries were unresolved, and the extent of damages unknown. See e.g., Bingham v. Wilson, 2008 WL 4286841, at *4 (E.D. La. Sept. 16, 2008)("the severity of plaintiff's injuries is unknown" and defendants had not submitted any competent documents to establish otherwise); Allen v. Occidental Fire & Cas. Co. of N. Carolina, 2012 WL 1118764, at *3 (E.D. La. Apr. 3, 2012)(plaintiff might exhaust the underlying insurance policy because she "has visited a neurosurgeon, received conservative care for several months, continues to experience neck pain, and intends to pursue more aggressive options after she gives birth"); Cibulski v. Miller, 2013 WL 950570, at *4 (E.D. La. Mar. 11, 2013)("the severity of plaintiff's injuries is unknown at this point" and plaintiff alleged serious damages into the future); James v. Brierfield Ins. Co., 2017 WL 6033676, at *4 (E.D. La. Dec. 6, 2017)(remanding and stating that the "evidence taken as a whole, indicates that there is a question of fact as to the

extent of Plaintiff's damages, as well as to the extent [of] . . . the underlying coverage"). In contrast to all of the foregoing cases cited by plaintiffs, in the instant case, the injuries are resolved, the damages are known, and they do not appear to exceed $1,000.000.00.

Accordingly, the court finds that there is no reasonable basis for it to predict that the plaintiff might be able to recover against UIM carrier Progressive Security Insurance Company, the sole in-state defendant, and its citizenship should not be considered in determining diversity. The Motion to Remand is therefore DENIED.

New Orleans, Louisiana, this __23rd__ day of January, 2019.

　

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**